UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-3054(DSD/SRN)

Tammy Cheng, individually, and
on behalf of all others
similarly situated,

       Plaintiff,

v.                                                          **ORDER**

Messerli & Kramer, P.A.,

       Defendant.

    James Shedden, Esq., Tony Kim, Esq. and Schad, Diamond & Shedden, 332 South Michigan Avenue, Suite 1000, Chicago, IL 60604 and Michael G. Phillips, Esq., 270 Grain Exchange Building North, 301 South Fourth Avenue South, Minneapolis, MN 55415, counsel for plaintiff.

    Derrick N. Weber, Esq. and Messerli & Kramer, 3033 Campus Drive, Suite 250, Plymouth, MN 55441, counsel for defendant.

This matter is before the court upon defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Based upon a review of the file and record and for the reasons stated, the court grants defendant's motion.

**BACKGROUND**

Plaintiff Tammy Cheng ("Cheng") alleges that defendant Messerli & Kramer, P.A. ("M&K"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a-p, in collecting a consumer debt she owed. Cheng incurred the debt at issue on a

Discover Bank credit card in the year 2000 and eventually stopped making monthly payments on the debt. In June 2005, Discover Bank turned plaintiff's debt over for collection purposes to M&K, a law firm acting as a debt collector as defined by § 1692a(6) of the FDCPA. M&K sent Cheng a collection complaint describing the debt as $9,347.56 in principal, $215.13 in interest and $2,336.89 in "reasonable attorneys' fees." (Pl.'s Compl. Ex. 1.) The firm based the requested amount of attorneys' fees on a 25% contingency arrangement it had with Discover Bank. Cheng received the collection complaint in August 2005.

Attached to the collection complaint was a copy of a Discover Bank cardholder agreement dated 2001. The 2001 cardholder agreement provided that if Discover Bank referred the collection of an account to an attorney, the cardholder may be charged "reasonable attorneys' fees and court or other collection costs as permitted by law and as actually incurred." (Pl.'s Mem. Opp'n Ex. 3 at 7.) This attorneys' fees language is identical to that in the 2000 cardmember agreement governing Cheng's account. (See Attach. to Weber Letter of Apr. 19, 2007, Doc. No. 34.)

In October 2005, M&K sent Cheng a Discover Card statement, dated October 10, 2000, showing the balance owed on the account. (See Pl.'s Mem. Opp'n Ex. 4 at 1.) Cheng and Discover Bank settled for $6,000, and Cheng paid that amount in December 2005. M&K sent Cheng a notice of dismissal without prejudice of the collection

action on December 14, 2005, followed by a notice of dismissal with prejudice on January 9, 2006. After the settlement of the underlying contract claim against her, Cheng commenced this action against M&K under the FDCPA on July 19, 2006.

Cheng alleges that M&K's collection complaint, in requesting attorneys' fees calculated as a percentage of the principal sum owed, violates the FDCPA. M&K now moves for judgment on the pleadings pursuant to Rule 12(c) or in the alternative for summary judgment pursuant to Rule 56.

**DISCUSSION**

**I.   Judgment on the Pleadings and Summary Judgment Standards**

Federal Rule of Civil Procedure 12(c) provides that if, on a motion for judgment on the pleadings, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Both parties have submitted materials outside of the pleadings, so the court treats the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252. On a motion for summary judgment, all evidence and inferences are viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his or her claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

## II. Attorneys' Fees

Cheng argues that M&K violated the FDCPA by demanding $2,336.89 in attorneys' fees in the collection complaint. She asserts that this amount was a deceptive, misleading and false representation because it was not expressly authorized by the agreement creating the debt or permitted by law. The FDCPA prohibits "any false, deceptive or misleading representation or means in connection with the collection of any debt," including the false representation of "any services rendered or compensation

4

which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e. Further, a debt collector cannot collect "any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f(1). The collection of attorneys' fees, however, does not violate the FDCPA when an agreement between a debtor and a creditor expressly permits the collection of such fees. See Kirscher v. Messerli & Kramer, P.A., No. 05-1901, 2006 WL 145162, at *5 (D. Minn. Jan. 18, 2006); Resler v. Messerli & Kramer, P.A., No. 02-2510, 2003 WL 193498, at *5 (D. Minn. Jan. 23, 2003); see also Shula v. Lawent, 359 F.3d 489, 493 (7th Cir. 2004) (FDCPA violation when plaintiff did not agree to pay costs and no judicial order commanded him to pay).

Cheng does not argue that the cardholder agreement fails to authorize the collection of reasonable attorneys' fees but rather that the amount requested by M&K in its collection complaint was unreasonable as a matter of law. When a debtor agrees to pay reasonable attorneys' fees in the event of default, an allegation that the attorneys' fees requested are patently unreasonable is not sufficient to state a claim under the FDCPA. See Bull v. Asset Acceptance, LLC, 444 F. Supp. 2d 946, 950 (D.N.D. 2006); see also Kirscher, 2006 WL 145162, at *5 (rejecting claim that law firm's attempts to collect reasonable attorneys' fees violated FDCPA in

5

requesting an amount based on a contingency fee). In other words, an FDCPA claim cannot challenge the reasonableness of fees expressly authorized by the agreement creating the debt. See Bull, 444 F. Supp. 2d at 950; see also Singer v. Pierce & Assoc., P.C., 383 F.3d 596, 597-98 (7th Cir. 2004); Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 396 (S.D.N.Y. 1999); Kirscher, 2006 WL 145162, at *5. The reasonableness of attorneys' fees must instead be challenged in the underlying contract case. See Bull, 444 F. Supp. 2d at 951.

Because Cheng's cardholder agreement authorizes payment of reasonable attorneys' fees, Cheng's claim fails as a matter of law. Once plaintiff agreed to be charged reasonable attorneys' fees, she lost her ability to challenge the reasonableness of those fees under the FDCPA.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that defendant Messerli & Kramer's motion for judgment on the pleadings or in the alternative for summary judgment [Doc. No. 8] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  May 30, 2007

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court